IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Seepex, Inc.,<br><br>    Plaintiff,<br>v.<br><br>Liberty Process Equipment, Inc.,<br><br>    Defendant. | Civil Action No.: 3:17-cv-00033-WHR-MJN<br><br>Judge Walter H. Rice<br><br>Magistrate Judge Michael J. Newman<br><br>**<u>STIPULATED PROTECTIVE ORDER</u>** |

The parties to this Stipulated Protective Order have agreed to the terms of this Order, and the Court finds those terms acceptable; accordingly, it is ORDERED:

**1.** **Scope**. All documents and electronically stored information ("ESI") produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation**. A party may designate documents, testimony or other information as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER, or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation without obscuring the content of any document.  A party may designate ESI as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the page images of the document in a manner that will not interfere with the legibility of the document or by including the term "CONF," or "HIGH CONF - ATTYS EYES ONLY" in the name of the ESI file or by marking the disk or other media containing the ESI "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY."  The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. Documents and ESI shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents or ESI.  However, if a party inadvertently fails to so designate an item at the time of its production, the party shall correct such failure within fourteen (14) days of the time the failure is discovered.  Such correction, and notice thereof shall be made in writing, accompanied by substitute copies of each affected item, appropriately marked with one of the designations above. Any party receiving any such affected items shall return them upon request from the producing party upon request within five (5) business days.

**4. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**. Any party may designate documents, testimony or other materials as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents, testimony or other materials contain or could lead to the disclosure of confidential business, personal or commercial information that is not generally known or otherwise available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**5. Documents Which May be Designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER**. Any party may designate documents, testimony or other materials as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents, testimony or other materials contain or would lead to the disclosure of trade secret information as defined in Ohio Rev. Code § 1333.61(D); that is, information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses or telephone numbers, that both (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Public records and other information or documents that are publicly available may not be

designated as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER.

      6.    **Depositions**. Within twenty-five (25) days after a party's receipt of the official copy of the transcript of the deposition of any party or witness in this case, if the questioning is such that the party or witness determines that the answers disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information, any party or witness may designate that information as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order, subject to any contrary or clarifying Order by the Court. Unless otherwise agreed, all deposition transcripts will be treated as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY until the expiration of the twenty-five (25) day period. When a transcript or testimony from a transcript containing or comprised of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information is filed with the Court, the procedures outlined in Paragraph 12 must be adhered to. Provided, however, that nothing in this Order shall preclude any party from seeking an appropriate Order from the Court relating to the designation of any deposition testimony in accordance with Paragraph 14, below.

**7. Protection of Confidential Material.**

**(a) General Protections**. Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, and any and all information derived therefrom, shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 7(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents, and any and all information derived therefrom, to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1) Outside Counsel.** Outside counsel for the parties and employees and agents of counsel who assist in the preparation of or for discovery and/or trial of the action;

**(2) Parties.** Directors, officers, in-house counsel and employees of a party to this Order for whom it is deemed necessary for the prosecution or defense of this litigation to disclose the confidential information or documents, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound. Said disclosures shall be reasonably limited to those materials that are necessary for the specific purpose of the disclosure.

**(3)** **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)** **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound; and

**(5)** **The Court and Its Officers and Personnel;** and

**(6)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

**8.** **Protection of Highly Confidential – Outside Attorney's Eyes Only Material.**

**(a)** **General Protections**. Documents designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER, and any and all information derived therefrom, under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 8(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b)** **Limited Third-Party Disclosures**. Outside counsel for the parties shall not disclose or permit the disclosure of any HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents, and any and

all information derived therefrom, to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SUBJECT TO PROTECTIVE ORDER:

    **(1)**   **Outside Counsel.** Outside counsel for the parties and employees and agents of counsel who assist in the preparation of or for discovery and/or trial of the action;

    **(2)**   **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    **(3)**   **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound; and

    **(4)**   **The Court and Its Officers and Personnel;** and

    **(5)**   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound.

    **9.**   **Control of Documents**. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY

pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

    **10.** **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

    **11.** **Production of Privileged or Confidential Documents**. Production of any document or information that is subject to attorney-client privilege, attorney work product protection, or other privilege shall be governed by Fed. R. Evid. 502 and Fed. R. Civ. P. 26. Such production will not be deemed to waive a party's claim to the document or ESI's privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the

producing party upon request within five (5) business days, unless the Court Orders otherwise. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

12. **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Documents Under Seal**. Any party seeking to file documents under seal shall abide by the procedures set forth in Local Rule 5.2.1.

13. **Challenges by a Party to Designation as Confidential or Highly Confidential – Outside Attorney's Eyes Only.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party and the designating party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the applicable designation as to any documents or information subject to the objection, the designating party shall serve on all parties a notice specifying the documents or information and the nature of the agreement.

14. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.3 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be

appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

15. **Use of Confidential or Highly Confidential - Outside Attorney's Eyes Only Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES

ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 11, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information so designated, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**17.** **Order Subject to Modification**. This Order shall be subject to modification by written agreement of the parties and the Court or by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify

this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

18. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

20. **Authority**. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

**IT IS SO ORDERED.**

Dated: October 31, 2017               s/ Michael J. Newman
                                      United States Magistrate Judge

| | |
|---|---|
| **WE SO STIPULATE and agree to abide by the terms of this Order**  /s/ Steven C. Coffaro  Steven C. Coffaro (0065116)<br>Sarah V. Geiger (0093144)<br>KEATING MUETHING & KLEKAMP PLL<br>One East Fourth Street, Suite 1400<br>Cincinnati, Ohio 45202<br>Tel: (513) 579-6489<br>Fax: (513) 579-6457<br>steve.coffaro@kmklaw.com<br>sgeiger@kmklaw.com<br><br>*Counsel for Plaintiff Seepex, Inc.* | **WE SO STIPULATE and agree to abide by the terms of this Order**  /s/ Virginia Wolk Marino  W. David Arnold (0038260)<br>Robert C. Tucker (0084971)<br>Robison, Curphey & O'Connell<br>Ninth Floor, Four SeaGate<br>Toledo, OH 43604<br>(419) 249-7900<br>(419) 249-7911 – facsimile<br>darnold@rcolaw.com<br>rtucker@rcolaw.com<br><br>Howard S. Michael (pro hac vice)<br>Virginia Wolk Marino (pro hac vice)<br>BRINKS GILSON & LIONE<br>NBC Tower – Suite 3600<br>455 N. Cityfront Plaza Dr.<br>Chicago, IL 60611-5599<br>(312) 321-4200<br>(312) 321-4299 – facsimile<br><br>*Counsel for Defendant Liberty Process Equipment, Inc.* |

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Seepex, Inc.,<br><br>        Plaintiff,<br>   v.<br><br>Liberty Process Equipment, Inc.,<br><br>        Defendant. | Civil Action No.:  3:17-cv-00033-WHR-MJN<br><br>Judge Walter H. Rice<br><br>Magistrate Judge Michael J. Newman |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern except as permitted by said Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____


Business Address: _____

_____

_____


Date: _____      _____
                                                   Signature